IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT JARAMILLO,**

    **Plaintiff,**

**v.**                                                                                                        **No. 12-cv-0227 SMV**

**CAROLYN COLVIN,[1]**
**Acting Comm'r of SSA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] ("MRR"), filed on July 12, 2012. The Commissioner responded on September 6, 2012. [Doc. 20]. Plaintiff replied on September 10, 2012. [Doc. 22]. The parties consented to the undersigned's conducting proceedings and entering final judgment in this case. [Doc. 7]. The Court finds that the Administrative Law Judge ("ALJ") failed to account in the residual functional capacity ("RFC) assessment for the limitations that he found in Plaintiff's ability to concentrate, persist, and maintain pace. The Court further finds that the ALJ failed to include in his hypothetical question to the vocational expert ("VE") all of Plaintiff's restrictions. Having meticulously reviewed the entire record and being fully advised in the premises, the Court FINDS that the MRR is well-taken and should be granted.

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

## I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience.  *Id.*

### III.     Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on August 24, 2009.[4]  Tr. 12.  Plaintiff alleged a disability onset date of November 23, 2008.  *Id.*  His claim was denied initially and on reconsideration.  *Id.*  On July 8, 2010, Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Frederick E. Upshall, Jr., held a hearing on January 3, 2011, in Albuquerque, New Mexico.  Tr. 16, 20.  Plaintiff was represented by attorney Feliz Martone.  Tr. 12, 30.  The ALJ took testimony from Plaintiff and an impartial VE, Judith Beard.  Tr. 12, 30–63.

The ALJ issued his unfavorable decision on July 28, 2011.  Tr. 12–24.  At step one, he found that Plaintiff had not engaged in substantial, gainful activity since November 23, 2008, the alleged onset date.  Tr. 14.  Next, at step two, he found that Plaintiff suffered from the following severe impairments:  bipolar disorder, depression, anxiety, bilateral knee pain, hepatitis C, and low back pain.  Tr. 14.

At step three, he found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 15.  In making that determination, he specifically evaluated Plaintiff's activities of daily living ("ADLs"); social functioning; concentration, persistence, or pace; and episodes of decompensation.  Tr. 15; 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04(b), 12.06(b).  These areas of functioning are referred to as the "B criteria"

---

[4] Plaintiff originally filed a claim for supplemental security income as well, but he withdrew it at the administrative hearing.  Tr. 12.

because they are contained in paragraph B of many Listings related to mental disorders. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.01–12.10. The ALJ determined that Plaintiff had moderate difficulties or restrictions in each of the B criteria and had experienced "one to two episodes of decompensation, each of extended duration." Tr. 15.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–21. He determined that Plaintiff could:

> perform a range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a), 416.967(a) except he must never climb ladders, ropes or scaffolds, kneel, or crawl; he is limited to occasional climbing ramps or stairs, stooping, and crouching. Further, work is limited to simple, routine and repetitive tasks, involving only occasional interaction with public (incidental to work performed), and only occasional interaction with co-workers, with no tandem tasks with his co-workers.

Tr. 16. At step four, the ALJ found that Plaintiff was not able to perform any of his past, relevant work. Tr. 22. Accordingly, he proceeded to step five, where he relied on testimony by the VE to find that based on Plaintiff's age, education, work experience, and RFC, he was capable of performing other jobs that exist in significant numbers in the national economy. Tr. 22. The ALJ specifically cited the jobs of document preparer (Dictionary of Occupational Titles ("DOT") # 249.587.018[5]), semiconductor loader (DOT # 726.687-030), and jewelry preparer (DOT # 700.687-062). Tr. 23.

Ultimately, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, and he denied the claims. Tr. 24. The Appeals Council denied Plaintiff's request

---

[5] The ALJ's decision and the transcript of the hearing list the DOT number for document preparer as 249.587.01**0**, but this is the number corresponding to board attendant. The number for document preparer is 249.587.01**8**. It appears that the references to the number for board attendant are errors. *See* [Doc. 18] at 19–20 (Plaintiff's reference to the number ending in -018); [Doc. 20] at 15 (Commissioner's reference to the number ending in -018).

for review on February 17, 2012.  Tr. 1−7.  Plaintiff timely filed the instant action on March 5, 2012.  [Doc. 1].

## IV.  Analysis

The Court will reverse the Commissioner's final decision and remand for further proceedings consistent with this opinion.  First, the Court finds that the ALJ impermissibly failed to account in the RFC for the limitations that he found in Plaintiff's ability to concentrate, persist, and maintain pace.  Second, the ALJ did not err in evaluating Plaintiff's credibility with respect to his knee problems.  Third, the ALJ failed to include in his hypothetical to the VE all of Plaintiff's restrictions, which should be corrected on remand.  Fourth, Plaintiff has not met his burden to show error where the RFC lacked any limitation of interaction with supervisors.  Finally, Plaintiff's other step-five arguments—about whether he is capable of performing jobs designated with general educational development ("GED") reasoning levels two and three—are moot considering the case will be remanded to correct errors at earlier steps.

### a.  RFC Assessment

Plaintiff argues that the ALJ erred when he failed to include in the RFC any restrictions resulting from the moderate difficulties that he found in social functioning; activities of daily living; and concentration, persistence, or pace.  [Doc. 18] at 12–14.  Although the ALJ did limit Plaintiff to "simple, routine and repetitive tasks," Plaintiff argues that such limitation does not adequately include the ALJ's B-criteria findings of moderate difficulties in social functioning; activities of daily living; and concentration, persistence, or pace.  *Id*. at 12–13 (citing *Winschel*

*v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180–81 (11th Cir. 2011); *Wiederholt v. Barnhart*, No. 03-3251, 121 F. App'x 833, 839 (10th Cir. Feb. 8, 2005) (unpublished)).

The Commissioner responds that the ALJ's step-two, B-criteria findings are "out of the picture" once the ALJ reaches the RFC assessment between steps three and four. [Doc. 20] at 5–6. She acknowledges that "an ALJ who first finds that a claimant suffers from a severe mental impairment involving moderate or worse B criteria restrictions should subsequently find limitations [in the] RFC." *Id.* at 6. However, she argues that such step-two findings do not "necessarily result in precise, analog work-related functional limitations [in the RFC]." *Id.*

The Court is persuaded by Plaintiff's arguments. In this case, the ALJ himself found that Plaintiff had moderate difficulties or restrictions in his social functioning; activities of daily living; and concentration, persistence, or pace. Tr. 15. Although the ALJ apparently translated his social-functioning finding into the RFC as limitations to only occasional interaction with the public and co-workers and no tandem tasks with co-workers, he did not make a similar translation of his findings regarding Plaintiff's ability to concentrate, persist, or maintain pace. The ALJ did limit Plaintiff to "simple, routine and repetitive tasks," but under the circumstances of this case, such RFC limitation is not adequate.

If an ALJ finds that deficiencies in concentration, persistence, or pace *apply to complex tasks*, then an RFC limitation to simple tasks would adequately correlate. *Chambers v. Barnhart*, No. 03-7007, 92 Soc. Sec. Rep. Svc. 16, 2003 U.S. App. LEXIS 22823 at *9 n.2 (10th Cir. Nov. 6, 2003) (unpublished) (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001)). Absent such a connection between the B-criteria and RFC findings, merely

limiting a plaintiff to "simple, unskilled job tasks" in the RFC does not adequately incorporate a more specific B-criteria finding of "moderate difficulties in maintaining concentration, persistence, or pace." *Wiederholt*, 121 F. App'x at 839.

Accordingly, here, the ALJ's RFC limitation to "simple, routine and repetitive tasks" does not adequately incorporate his more specific B-criteria finding of moderate difficulties in concentration, persistence, or pace. Remand, therefore, is warranted.

### b. Credibility Determination

Plaintiff seems to argue that, in evaluating his credibility, the ALJ should not have considered his failure to comply with treatment recommendations for his knee because the ALJ did not also discuss whether that non-compliance could be attributable to his mental illnesses. [Doc. 18] at 14 (citing *Kangail v. Barnhart*, 454 F.3d 627, 630–31 (7th Cir. 2006) (explaining that bipolar disorder may cause non-compliance with mental health treatment) and citing Tr. 21 (challenged credibility findings). The Commissioner responds that the ALJ considered Plaintiff's non-compliance with medication and treatment for his *knee* problems, not for his mental health issues. [Doc. 20] at 8–11. Therefore, she argues that *Kangail*—which dealt exclusively with mental health and substance abuse issues—does not apply. *Id.* at 11. She also points out that the ALJ applied the correct legal standards, which include considering compliance with treatment, in evaluating Plaintiff's credibility. *Id.* at 9–10.

The Commissioner is correct. As an initial matter, *Kangail* is not binding on this Court. Even if it were, though, it does not really support Plaintiff's argument. *Kangail* discusses how mental illness—specifically bipolar disorder—may prevent the sufferer from complying with

mental health treatment or may precipitate substance abuse, 454 F.3d at 630–31, 629, while the issue here is about non-compliance with treatment for knee problems, [Doc. 18] at 14 (citing Tr. 21). Moreover, treatment compliance is a legitimate consideration in evaluating the validity of an alleged impairment. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). The Court sees no reversible error in the ALJ's failure to address whether Plaintiff's mental illnesses affected his ability to comply with treatment recommendations for his knee problems.

### c. Hypothetical Question to the VE

Plaintiff next argues that the hypothetical presented to the VE failed to include all of the limitations found by the ALJ himself. [Doc. 18] at 15–18 (citing *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). Although the ALJ found that Plaintiff was "limited to simple, routine and repetitive tasks," Tr. 16, no such limitation was presented to the VE, *see* Tr. 57–61. Therefore, Plaintiff asserts that the VE's testimony cannot constitute substantial evidence for the ALJ's step-five determination that Plaintiff could perform other work. [Doc. 18] at 15–18. The Commissioner concedes that "error occurred" but argues that it was harmless because "the [omitted] limitations, as a matter of law, would not preclude the bulk of the jobs identified by the VE." [Doc. 20] at 11–12 (citing *Wilson v. Barnhart*, 68 F. App'x 169, 172 (10th Cir. 2003) (unpublished); *Conger v. Astrue*, 453 F. App'x 821, 828 (10th Cir. 2011) (unpublished)). Specifically, the Commissioner argues that individuals limited to simple, routine, and repetitive tasks are capable of performing jobs with General Educational Development (GED) reasoning level two. *Id.* at 12–14. She concludes that because two of the three jobs cited by the VE— semiconductor loader (DOT # 726.687-030) and jewelry preparer (DOT # 700.687-062)—are

designated as GED reasoning level two, the omission from the hypothetical is harmless error. *Id.* at 14.

The Commissioner concedes that the ALJ erred, and the Court is not convinced that the error was harmless. The general rule is that "[t]estimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision." *Hargis*, 945 F.2d at 1492. The Tenth Circuit has recognized some exceptions. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993) (not requiring remand where discrepancies between the RFC and hypothetical are "minor enough not to undermine not to undermine confidence in the determination of this case."); *Diaz v. Secretary of Health & Human Services*, 898 F.2d 774, 777 (10th Cir. 1990) (finding that the VE "was present and heard testimony concluding the claimant's alleged impairments[, which] suggests that the effect of the error, if any, in the . . . hypothetical, was minimal."). However, neither of these exceptions is applicable here.

The Commissioner cites to *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) for the proposition that an individual limited to "simple and routine work tasks" is capable of performing work at GED reasoning level two. [Doc. 20] at 13. In *Hackett*, the Tenth Circuit held that the claimant's limitation to "simple and routine work tasks" was *not* compatible with jobs designated as GED reasoning *level three*. 395 F.3d at 1176. Instead, the court suggested that "level-two reasoning appears more consistent" with the limitation. *Id. Hackett* does not go as far as the Commissioner urges.

Under the circumstances of the instant case, where the ALJ found that Plaintiff suffers from both exertional and non-exertional limitations, the Court is not in a position to supply missing vocational expert testimony. *See Hargis*, 945 F.2d at 1491 ("Whenever a claimant's residual functional capacity is diminished by both exertional and nonexertional impairments, the [Commissioner] *must* produce expert vocational testimony or other similar evidence to establish the existence of jobs in the national economy.") (emphasis added).

### d.  RFC Restriction Related to Interaction with Supervisors

Plaintiff asserts that the ALJ erred when he failed to include in the RFC a restriction related to his interactions with supervisors. [Doc. 18] at 18–20. The Commissioner seems to argue that the ALJ's restriction on interaction with *co-workers* includes supervisors. [Doc. 20] at 14. She also argues that, to the extent the ALJ erred, the error was harmless for various reasons. *Id.* at 14–15. Although Plaintiff points to a regulation indicating that difficulty "responding appropriately to supervision . . . may reduce [a claimant's] ability to do past and other work," [Doc. 18] at 19 (citing 20 C.F.R. § 404.1545(c)), he fails to adequately support or develop his argument. Plaintiff has not met his burden before this Court to show that the ALJ committed reversible error in omitting a limitation from the RFC regarding interactions with supervisors.

### e.  Other Step-Five Arguments

Plaintiff also presents step-five arguments regarding whether he is capable of performing work designated as GED reasoning levels two and three considering that the ALJ limited Plaintiff to "simple, routine and repetitive tasks." [Doc. 18] at 18–20. The Court need

not reach this argument because remedying the errors outlined above—in formulating the RFC and in presenting a hypothetical to the VE—will necessarily change the findings at step five, and therefore, Plaintiff's argument is moot.

## V.     Conclusion

The ALJ failed to account in the RFC for the limitations that he found in Plaintiff's ability to concentrate, persist, and maintain pace.  The Court further finds that the ALJ failed to include in his hypothetical to the VE all of Plaintiff's restrictions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**